BOWEN v. VIRGINIA LEE CANDIES, Inc.
No. 4108.

Court of Civil Appeals of Texas.  Texarkana.
Nov. 18, 1931.

Rehearing Denied Dec. 3, 1931.

Bledsoe, Crenshaw & Dupree, of Lubbock, and W. H. Tolbert, of Fort Worth, for appellant.

Bryan, Stone, Wade & Agerton, of Fort Worth, and W. H. Evans, of Lubbock, for appellee.

LEVY, J. (after stating the case as above).

The first point presented is that there was error in overruling the plea of privilege. In view of the proceedings shown in the record, the appellant, by failing to prosecute a timely appeal from the order overruling the plea of privilege, waived the right to have the same reviewed in this appeal from a judgment on the merits rendered at the subsequent term. Luse v. Cisco Grain Co. (Tex. Civ. App.) 241 S. W. 313; Euchey v. Adam Schaff, Inc. (Tex. Civ. App.) 7 S.W.(2d) 168.

The points further presented by the appellant, in effect, are that the contract was lacking in mutuality, and therefore terminable at will, and the amount of the judgment is excessive. As appears from the written instrument, the appellant obligated himself to use the showcase and the trays exclusively for the keeping and display of the manufactured products of the appellee. The appellant further expressly obligated himself to buy each month for three years the manufactured candies of the appellee at its regular prices in the specified amount of $60 each month. And there is apparent the corresponding obligation of the appellee to deliver possession of the showcase and the trays for the uses stated, and to sell and deliver to appellant each month its manufactured candies at the specified price of "its regular prices," and in the specified amount of "a minimum of $60.00 worth." Mutuality results from the implied obligation, as appears from the face of the agreement, on the part of the appellee to supply to appellant each month the quantity of candy, in the minimum amount specified and at the prices specified, which were ascertainable. The price payable and the amount of candy to be delivered was ascertainable with reasonable certainty, and was not entirely optional with appellee or conditioned upon his will. Mutuality may result from an implied obligation on the part of one of the contracting parties. 10 Tex. Jur. § 95; 13 C. J. § 521, p. 558.

The remaining point of excessive judgment is made dependent upon that provision of the contract being in the nature of a penalty, which fixes the sum of $6 per month as monthly rental, and which matures all such monthly installments as one entire whole upon the default in payment of a single monthly rental. It is urged that recovery for the full amount sued for is not allowable because, the particular provision being a penalty, proof of actual damages was required, and in the record there is lacking any evidence of actual damages. The written instrument reflects the purpose of the parties in the first instance to have the purchase of candies to the amount of $60 a month operate in itself as adequate monthly rental for the possession and use of the showcase and equipment so long as such monthly purchases of candies to the extent of the specified sums were promptly "paid for by the 10th day of the succeeding month." Each party was to be still bound to fulfill the outstanding promise to buy and sell candies to the amount specified each month, and that consideration as monthly rental was to be continuing until there was default by appellant in the prompt timely monthly payments. It is clear the prompt payments at the specified time each month of the monthly candy purchases was a vital condition of the agreement to let the appellant have the showcase free of any money rent. In the event, as expressly provided, of a single violation of such timely monthly payments for the candies purchased, then thereafter fixed, pay and benefit in the amount of $6 a month should be the consideration and enforceable in return for the possession and use of the showcase and equipment. This obligation to pay the fixed sum of $6 each month was then to become the consideration each month of the remaining period of the three years of the contract. In such agreement, the promise of appellant to pay the $6 per month as rental is supported by the valid consideration of the promise of the company to continue and perform the contract for the remainder of the three years. The monthly payments of $6 per month were not to be delinquent in payment "for more than thirty days after the maturity thereof." If the appellant did delay the monthly payment beyond the specified time, then, according to the clear intention of the parties, the company had the contract right to demand payment in advance of all the monthly installments of the remainder of the three-year lease period. To accomplish this purpose, the appellee was given the authority to declare "all such installments due and payable immediately," and to enforce collection of the same as one entire whole. By so doing, as the contract authorizes, there is not rescission nor abandonment of the contract by the appellee. It is therefore believed that the apparent pur-

pose of the stipulations is to provide for the timely and prompt payment of monthly rental for the use of the showcase and equipment, and not to merely provide compensation for an infraction of the contract by appellant as for a penalty or stipulated damages. The contract was not in fact, as appears in the record, rescinded by appellee or canceled by agreement of the parties. Nor is the appellee in the suit seeking damages for breach of the contract, but in effect he is standing upon the contract and seeking to enforce and recover upon its term for the rental of the showcase for the remaining term, made due and payable by the stipulation.

The judgment is affirmed.