**Clayton E. BLAKEWAY et al., Appellants,**

v.

**NATIONAL CREDIT CORPORATION,**
**Appellee.**

**No. 11656.**

Court of Civil Appeals of Texas.

Austin.

March 19, 1969.

Rehearing Denied April 9, 1969.

McGinnis, Lochridge, Kilgore, Byfield, Hunter & Wilson, Donald F. Nobles, Austin, for appellants.

Charels M. Babb, Austin, for appellee.

O'QUINN, Justice.

This cause is on appeal from a summary judgment in district court awarding Na-

tional Credit Corporation, appellee, recovery of $33,439.86 on two contracts for lease of personal property. Appellants are Ward-Blakeway Ventures, a partnership, lessee under the contracts, and Clayton E. Blakeway who guaranteed performance of the contracts.

The general partnership of Ward-Blakeway Ventures consisted of William B. Ward, Clayton E. Blakeway, and Wilbur Clark. Clark has been succeeded by Harold V. Clark and J. A. Donnelley, co-executors of the Estate of Wilbur Clark, deceased. In 1965 the partnership owned Seville Apartments in La Jolla, California, and entered into two contracts with National Credit Corporation for lease of furniture and certain electronic equipment used in the apartment project.

The first lease contract, made in July, 1965, was on household furniture and accessories. At the time the contract was signed Clayton E. Blakeway executed an agreement individually guaranteeing payments due under the lease. The contract provided for sixty monthly payments each in the sum of $656.80. Twelve of the sixty payments were made by the partnership.

The second contract was made in October, 1965, for the lease of a television antenna system, "intercom" system, closed circuit camera, and background music system. This lease was guaranteed by Clayton E. Blakeway as a general partner. The contract provided for twenty-four monthly payments each in the sum of $724.36. Six of the twenty-four payments were made by the partnership.

Appellants and appellee both moved for summary judgment in the trial court. After considering the pleadings, requests for admissions, written interrogatories and replies, and supporting affidavits on file in the cause, the trial court denied the motion of appellants and granted that of appellee. Judgment was entered for the total amount of the forty-eight payments remaining unpaid on the July, 1965, contract, less $1,313.60 security deposit and the net amount

received from sale of the furniture and accessories, and for the total amount of the eighteen payments remaining on the lease of October, 1965, less a security deposit of $1,448.72.

About nine months after cessation of payments on the contract of July, 1965, covering furniture and accessories, appellee National Credit, after giving notice directly and by publication, caused a public sale to be held in April, 1967, at which the leased furnishings were sold to Mutual Benefit Life Insurance Company, holder of the first deed of trust on the apartments, for the sum of $10,000.

The electronic equipment covered by the second contract, dated October, 1965, had been installed in the apartments so as to be permanently affixed to the building. No sale of this equipment was undertaken by appellee.

Appellants contend under four points of error that the equipment leases guaranteed by Blakeway are unenforceable because (1) they impose a penalty, (2) National Credit did not plead or prove actual damages, (3) the lease provisions are unconscionable, and (4) the leases were terminated as a matter of law.

We overrule these points of error and affirm the judgment of the trial court.

The two lease contracts are identical in all provisions with respect to the rights of the parties as expressed in 26 printed paragraphs of the "Terms and Conditions of Lease." Our decision must turn upon whether the stipulations of the contracts constitute an agreement for liquidated damages or constitute provision for a penalty.

Paragraph 6 pertaining to rent reads as follows:

"6. RENT. Lessee agrees to pay during the initial term of this lease total rent equal to the amount of each rent payment as specified above multiplied by the number of such payments as specified above. The first rent payment is

due as specified above. Subsequent rent payments, if monthly, shall be due on the same day of each calendar month after the month of first rental payment or, if quarterly, shall be due on the same day of every third calendar month after the month of first rental payment. All rent shall be paid to lessor at its address set forth above, or as otherwise directed by lessor in writing. In the event of lessee's default, as set forth in Section 21 hereof, all installments of rent for the entire initial term of this lease then unpaid, at the option of the lessor, or its assigns, shall become due and payable at once."

Appellants argue that this lawsuit " * * is a clear case of anticipatory breach of contracts. The dispute arises out of and is concerned solely with the greed of appellee. It involves only the number of 'pounds of flesh' appellee is entitled to take from appellants' 'hide.' "

Appellee sued the partnership because it failed to pay the rents it contracted to pay. Blakeway was made a party because he had agreed to guarantee payment of the rents. Appellants insist that the damages claimed under the contracts are unconscionable, and that appellee's suit was for acceleration of rent payments without discount, constituting an attempt to impose a penalty.

The Supreme Court has provided the following guide for measuring damages in suits for breach of contract:

"The universal rule for measuring damages for the breach of a contract is just compensation for the loss or damage actually sustained. By the operation of that rule a party generally should be awarded neither less nor more than his actual damages. A party has no right to have a court enforce a stipulation which violates the principle underlying that rule. *In those cases in which courts enforce stipulations of the parties* as a measure of damages for the breach of covenants, *the principle of just compensation is not abandoned* and another principle substituted therefor. *What courts really do in those cases is to permit the parties to estimate in advance the amount of damages, provided they adhere to the principle of just compensation.*" (Emphasis supplied) Stewart v. Basey, 150 Tex. 666, 245 S.W.2d 484 (1952).

The parties in this lawsuit stipulated in paragraph 6 that if the partnership defaulted in payment of the monthly rentals, " * * * all installments of rent for the entire initial term * * * then unpaid, at the option of the lessor * * * shall become due and payable at once." The parties stipulated in paragraph 21 that if the partnership failed to pay any rent within ten days after it became due, National Credit had the right to employ one or more of six remedies. One of the remedies open to National Credit was to sell the equipment at public or private sale, deduct costs of the sale, apply the balance to credit of the partnership, and recover from the partnership the "unpaid balance of the total rent * * * less the net proceeds of such sale * * *" Another stipulated remedy available to National Credit was "to sue for and recover all rents * * * then due or thereafter accruing * * *"

National Credit employed the first remedy with respect to the contract under which the furniture and accessories were leased. It used the second remedy, and sued for the unpaid rentals without holding a sale, with respect to the electronic equipment, which had been incorporated in the apartment building to such an extent that it was regarded apparently by all parties as a part of the realty and beyond recovery.

Under the two contracts the partnership selected the supplier of the furniture and equipment and also designated the type and quantity of such furniture and equipment to be placed in the apartment house. National Credit paid the supplier the full purchase price contemporaneously with entering into the lease contracts. Under the first contract, covering furniture and accessories, National Credit paid the supplier

$30,313.80, and under the second contract National Credit paid $15,522 for the electronic equipment.

Both the furnishings, which included specially selected furniture and accessories such as lamps, draperies, chandeliers, bed spreads and pillows, as well as the electronic equipment installed in the apartment project, were chosen by appellants to suit their tastes and purposes at Seville Apartments in La Jolla.

■ The non-payment of rent under a lease contract is a major breach affecting the very substance of the agreement and one calculated to invoke use of the provision for damages. By stipulating in the contracts before us that default in payment of rents would at lessor's option cause all installments to become due, the parties provided for liquidated damages in event of such breach.

In Langever v. R. G. Smith and Co., 278 S.W. 178 (Tex.Com.App., opinion adopted by Sup.Ct., 1925), in which a similar provision in an installment contract was held to be an agreement for liquidated damages rather than a penalty, the Court observed:

"Perhaps the most reasonable ground upon which agreed liquidated damages clauses are sustained is the difficulty or uncertainty that confronts the parties with respect to an accurate estimate of the damages to flow from the breach." 278 S.W. 178, 179, col. 2.

■ If, as in the case at bar, it is certain that damages will flow from the lessee's failure to make the installment payments, and it is clear the damages cannot be accurately measured, or that ascertainment will be difficult, " * * * the best reasons exist for respecting the agreement of the parties in advance upon a sum mutually satisfactory." Langever v. R. G. Smith and Co., supra.

In the Langever case the Court stated that "the real intention of the parties when ascertained will control" but the intention "is not necessarily ascertained by the words employed." In Stewart v. Basey, supra, the Supreme Court reviewed the lines of cases dealing with contracts containing stipulations for damages and concluded that "All agree that to be enforceable as liquidated damages the damages must be uncertain and the stipulation must be reasonable." 245 S.W.2d 484, 486, col. 1.

■ Applying that rule to the facts of this case we hold that non-payment of rents was a breach that in the intent of the parties would lead to the invocation of the provision for stipulated damages. The additional provision that the lessor could conduct a sale of the leased property and apply the net receipts to lessee's account was an agreement for the protection of both parties, and in this case benefited lessee in a sum exceeding $9,000 under the furniture lease.

When the contracts were made the parties knew that the furniture and accessories had been selected for the particular rooms, baths, and patios of Seville Apartments, and that the electronic equipment was adapted to and likely would become an integral part of these apartments. It therefore must have been obvious to the contracting parties when they entered into the leases that it would be extremely difficult, if not impossible, to determine accurately what damages might flow if at some time in the future the lessee should cease altogether to pay the monthly rents.

The parties certainly were aware at the outset that the lessor had doubtful security for the rents on the furniture and accessories it had purchased at the behest of lessees, and that the security in the electronic equipment lessor had paid for was practically worthless. Lessor sought security in the guaranty contract with Blakeway, and Blakeway individually on one contract and as a general partner on the other voluntarily provided the security the parties obviously recognized did not exist in the furniture, accessories, and electronic equipment being leased. Subsequent events

demonstrated the foresight of the parties in making this arrangement. The furniture and accessories were sold to the holder of the first mortgage for less than one-third of original cost, and the electronic equipment for which lessor had paid more than $15,500 was a total loss.

The record shows that when the sale was conducted on the furniture in April, 1967, lessee was delinquent in excess of $5,900 for rentals on the furniture and nearly $8,700 on the electronic equipment. Lessor had never declared the lease terminated but instead had consistently made demand for rentals under the contracts.

We consider the stipulations for liquidated damages reasonable, and we find that when the contracts were made the actual damages were uncertain. Any effort to establish actual damages would be attended with such uncertainties and difficulties as to afford fair grounds for sustaining the agreements in this case for liquidated damages.

We have examined with care the cases cited in support of the contentions made by appellants. In each instance we concluded that the authority relied upon can be distinguished from the cases we consider controlling under the facts in this case.

In addition, we have observed that in passing on clauses for damages, Texas courts, like the courts of other jurisdictions, appear to distinguish lease contracts on realty from contracts for the lease of personal property. As stated in American Law Reports, " * * * provisions in leases of personal property that upon breach of the lease by the lessee the balance of the rent remaining unpaid shall become immediately due and payable have generally been held to be for liquidated damages rather than for a penalty." 104 A.L.R. 226.

Texas cases permitting recovery on installment contracts involving personalty include Langever v. R. G. Smith and Co., supra; Liberty Sign Co. v. Newsom, 426 S.W.2d 210 (Tex.1968); White v. Wilbanks, 144 S.W.2d 941 (Tex.Civ.App., 1940, Amarillo, no writ); Hyde v. Claude Neon Federal Co., 157 S.W.2d 952 (Tex.Civ. App., 1941, Eastland, writ dsmd.); Bowen v. Virginia Lee Candies, Inc., 44 S.W.2d 502 (Tex.Civ.App., 1931, Texarkana, no writ); Blakeway v. General Electric Credit Corporation, 429 S.W.2d 925 (Tex.Civ. App., 1968, Austin, writ ref. n. r. e.).

We affirm the action of the trial court in overruling the motion of appellants for judgment and in sustaining the motion of appellee and awarding judgment for recovery by appellee against the partnership and the guarantor in the sums stated in the judgment.

The judgment is in all things affirmed.

Affirmed.