O J & C COMPANY, Appellant,

v.

GENERAL HOSPITAL LEASING, INC.
d/b/a Manufacturers Industrial
Leasing, Appellee.

No. B2012.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

March 14, 1979.

Edwin Lamm, III; Law Offices of Smith & Lamm, Houston, for appellant.

Gerald E. Hopkins, Houston, for appellee.

J. CURTISS BROWN, Chief Justice.

In its suit for rents due and to accrue in the future under a contract to lease a computer, appellee received a summary judgment for the rent due for the entire term of the lease, plus the residual value of the leased equipment and attorney's fees, minus credits for rent paid and for a security deposit.

The undisputed facts are that appellant, O J & C Company (appellant or lessee), desiring the use of a Nixdorf Model 840/125 Accounting System, which consists of a computer and the accompanying software package, arranged for appellee, General Hospital Leasing, Inc., d.b.a. Manufacturers Industrial Leasing (appellee or lessor), to purchase the computer from the manufacturer and in turn to lease it to appellant. Under the lease the term was to be five years with a total rent price payable in sixty equal monthly installments. At the end of the term the lease was renewable on an annual basis at the option of the lessee, but there was no obligation or option to purchase. A security deposit of $2,760.00 was required in addition to a monthly installment in advance. Payments were made regularly under the lease from its execution on July 17, 1974, until May 1, 1978, when appellant, contending the equipment was defective, ceased payments and demanded that appellee repossess the equipment. Appellee, purporting to exercise an

option under the lease, did not repossess but brought suit for accrued as well as unaccrued rent payments, for the "residual value" of the equipment and for attorney's fees. In response to appellee's motion for summary judgment, the appellant argued that the warranty provision was unconscionable and that the damages sought in the appellee's suit amounted to a forfeiture on the grounds that O J & C Company was given no credit for the "salvage value" of the system.

On appeal, appellant first contends that the trial court erroneously deprived appellant of the opportunity to show the "commercial setting, purpose and effect" of the contract, pursuant to the claim of unconscionability as provided in section 2.302 of the Texas Business and Commerce Code, the Texas codification of the Uniform Commercial Code. Section 2.302 does require the court to allow a reasonable opportunity for the presentation of evidence of the "commercial setting, purpose and effect" when a claim or allegation of unconscionability is made. Tex.Bus. & Comm.Code Ann. § 2.302 (1968). However, the record does not reflect that appellant was deprived of such opportunity, nor does the record reflect that the lease in question is governed by article 2, which is expressly limited in scope to sales. Tex.Bus. & Comm. Code Ann. § 2.102 and § 2.106 (1968). Similar leases have been held not to constitute sales within the meaning of article 2. *Three Bears, Inc. v. Transamerican Leasing Company*, 574 S.W.2d 193 (Tex.Civ.App.— El Paso 1978, no writ history). Nor does such a lease agreement constitute a conditional sales agreement for the purposes of the usury statutes. *Southwest Park Outpatient Surgery v. Chandler*, 572 S.W.2d 53 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ history). Since there was no sale involved, this lease is not subject to article 2 and there was no violation of the mandates of section 2.302.

Appellant next maintains that it was a forfeiture or a penalty to allow recovery of the "residual value" of the computer absent a provision in the lease to allow such recovery.[1] As noted above, the lease had an initial term of five years and does not contain any obligation or option for appellant to purchase the system at the end of the term. On the contrary, the lease provides:

DEFAULT. If Lessee fails to pay any rent or other amounts herein provided within ten (10) days after the same is due and payable, or if Lessee fails to perform any other provision hereof within ten (10) days after Lessor shall have demanded in writing performance thereof, or if any proceeding in bankruptcy, receivership, or insolvency shall be commenced by or against Lessee or its property, or if Lessee makes any assignment for the benefit of creditors, Lessor shall have the right, but shall not be obligated, to exercise any one or more of the following remedies: (a) *to sue for and recover all rents and other amounts then due or thereafter accruing* under this lease; (b) *to take possession of any or all of the equipment wherever it may be located without demand or notice* . . . (c) *to sell any or all of the equipment at public or private sale* . . . (d) *to terminate this lease* as to any or all items of equipment; (e) in the event Lessor elects to terminate this lease as to any or all items of equipment, *to recover from Lessee as to each item subject to said termination, the worth at the time of such termination of the excess, if any, of the amount of rent reserved herein for said item for the balance of the term hereof over the then reasonable rental value of said item for the same period of time*; (f) to pursue any other remedy now or hereafter existing at law or in equity. . . .

(emphasis added). Thus it was error for the trial court to charge appellant with the "residual value" of the computer and to

---

1. Appellant, for the first time, urges on appeal that it was error to accelerate the rent payments absent a lease provision expressly allowing acceleration, and also contends that such a provision, if it existed, would be void as a penalty. Appellant has waived this point by failing to bring it to the attention of the trial court by "written motion, answer or other response" before summary judgment was entered. Tex.R.Civ.P. 166–A. As a result, we express no opinion on that issue.

transfer ownership to the appellant. *See, American Lease Plan v. Ben-Kro Corporation,* 508 S.W.2d 937, 942 (Tex.Civ.App.— Houston [1st Dist.] 1974, writ ref'd n. r. e.). In *American Lease Plan,* the court construing a default clause essentially the same as the one involved in the present case, stated:

> The lease provides that the lessor may sue for all rentals "then or thereafter accruing"; take possession of the property without demand or notice and without court order or other process; sell the equipment at public or private sale for cash or credit; terminate the lease, and/or to pursue any other remedy at law or in equity.

*Id.* at 943. Although under the lease the appellee at its option could decline to repossess the equipment and sue for the rentals then due or thereafter accruing, the lease does not obligate the appellant to purchase the equipment. We therefore modify the summary judgment to strike that portion awarding appellee the "residual value" of the equipment and passing ownership of the equipment to the appellant.[2] As modified, the judgment for the appellee in the amount of $9,096.00 plus $736.00, attorney's fees is affirmed and costs of appeal are apportioned equally between the parties.

Modified and affirmed.

---

**2.** The question whether appellee has abandoned the equipment is not before this court.