**Jimmy H. SWINDELL and Darlene Swindell, Appellants,**

v.

**BELL ATLANTIC TRICON LEASING CORPORATION F/K/A Tricontinental Leasing Corporation, Appellees.**

**No. 2–94–016–CV.**

Court of Appeals of Texas, Fort Worth.

Aug. 30, 1994.

John L. Gamboa, Acuff Gamboa & Moore, L.L.P., Fort Worth, for appellants.

Paul H. Cross, Parks Huffman McVay & Shepard, Arlington, for appellees.

Before HILL, C.J., and HICKS and FARRAR, JJ.

## OPINION

Ordered Published October 25, 1994

HICKS, Justice.

Appellants, Jimmy and Darlene Swindell, appeal from a summary judgment rendered in favor of appellee, Bell Atlantic Tricon Leasing Corporation. In two points of error, the Swindells contend that the trial court erred in granting Bell Atlantic's motion for summary judgment. We affirm.

On June 29, 1987, Jimmy Swindell, president of National Brake and Clutch, Inc., leased a computer system from Bell Atlantic on behalf of National. Both he and Darlene guaranteed payment of National's obligations under the lease. The terms of the lease

required sixty monthly payments of $651.83. National made the payments until July 1991. It filed for bankruptcy in August 1991. Bell Atlantic recovered the computer and sold it at a private sale for $260. Bell Atlantic then sued the Swindells for the remaining payments under the lease. Bell Atlantic asserted it was entitled to $7,849.43, which was the amount of unpaid rentals, late charges, and sales and use tax, less the $260 sale price. The trial court granted Bell Atlantic's motion for summary judgment and awarded it $7,849.43, plus interest and attorneys' fees.

■ The Swindells argue in point one that the court erred in granting the motion for summary judgment. Their argument in connection with this point is that the sale of the computer by Bell Atlantic terminated their obligation to make lease payments. They rely heavily on *American Lease Plan v. Ben-Kro Corp.*, 508 S.W.2d 937 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.), in support of this point. Quoting from *American Lease Plan*, the Swindells assert that "compel[ling] a lessee, ousted from possession, to pay full value for use of property which it no longer has the right and opportunity to use and enjoy, permits the lessor a measure of recovery far in excess of 'just compensation.'" *Id.* at 943.

The lease in *American Lease Plan*, unlike the lease in this case, did not contain an acceleration clause. It specifically provided that if the lessor terminated the lease, lessee was not liable for rent accruing after the date of termination. *Id.* at 941. The lease in the instant case, however, provides the following remedies if an event of default [1] occurs:

> Lessor may, at its option, at any time (a) *declare the entire amount of unpaid rental for the balance of the term of this Lease immediately due and payable,* and (b) sue for and recover all rents and other monies due and to become due ..., and (c) enter into the premises where the Equipment may be found and take possession of and remove the Equipment.... Lessor shall give Lessee credit for any sums received by Lessor from the sale or rental of the

Equipment after the deduction of the expenses of sale or rental. [Emphasis added.]

The lease in question further provides that, "All remedies of Lessor hereunder are cumulative, are in addition to any other remedies provided for by law, and may, to the extent permitted by law, be exercised concurrently or separately."

Various courts have upheld lease clauses allowing a lessor to recover unaccrued rentals upon breach of a lease. *See, e.g., Oetting v. Flake Uniform & Linen Serv.*, 553 S.W.2d 793, 796–97 (Tex.Civ.App.—Fort Worth 1977, no writ); *Robinson v. Granite Equip. Leasing Corp.*, 553 S.W.2d 633, 637 (Tex.Civ.App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.); *Walter E. Heller & Co. v. B.C. & M., Inc.*, 543 S.W.2d 696, 698 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.); *Blakeway v. National Credit Corp.*, 439 S.W.2d 155, 158 (Tex.Civ.App.—Austin 1969, writ ref'd n.r.e.). Further, we note that, according to Bell Atlantic, all but the last two rental installments had become due as of the date of repossession. Because the lease in this case specifically provided for acceleration of unaccrued rentals, the decision in *American Lease Plan* does not preclude summary judgment in this case. Point one is overruled.

■ In point two, the Swindells assert that Bell Atlantic failed to establish as a matter of law that there were no genuine issues of fact on each ground for summary judgment. The party moving for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex. 1985); *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972). In deciding whether a disputed material fact issue precludes summary judgment, the reviewing court will take as true all evidence favoring the nonmovant. *Nixon*, 690 S.W.2d at 548–49; *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984). Every

---

1. The lease provides that failure to pay rental when due and filing a petition under the Bankruptcy Code are both "events of default."

reasonable inference from the evidence will be indulged in favor of the nonmovant, and any doubts will be resolved in his favor. *Nixon,* 690 S.W.2d at 549; *Montgomery,* 669 S.W.2d at 311.

 The Swindells also contend that the affidavit of Richard Marasco, senior legal administrator for Bell Atlantic, was not proper summary judgment evidence. According to the Swindells, the affidavit sets forth legal conclusions and unilateral and subjective determinations or opinions rather than facts. A legal conclusion in an affidavit is insufficient to establish the existence of a fact in support of a motion for summary judgment. *Mercer v. Daoran Corp.,* 676 S.W.2d 580, 583 (Tex.1984); *see, e.g., Hidalgo v. Surety Sav. & Loan Ass'n,* 487 S.W.2d 702, 703 (Tex. 1972).

The Swindells do not indicate which statements in Marasco's affidavit they consider legal conclusions. We have reviewed Marasco's affidavit and conclude that it is competent summary judgment proof. Marasco's affidavit establishes that Bell Atlantic is entitled to judgment as a matter of law.

 If a plaintiff moving for summary judgment establishes each element of its cause of action as a matter of law, *see MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986), then the defendant must come forward with summary judgment evidence sufficient to raise a fact issue on each element of its affirmative defense to avoid summary judgment. *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984). Jimmy Swindell filed an affidavit in response to Bell Atlantic's motion for summary judgment. In the affidavit, he admits signing the lease and guaranty. He attempts to raise an issue of fact as to whether he and Darlene are obligated to pay the remaining rentals by stating that the lease refers only to sixty monthly payments of $651.83, not a gross amount due. (Tr. 138) In briefing this argument, the Swindells rely again on *American Lease Plan,* this time for the statement that a "covenant to pay rent periodically during the term of the lease creates no obligation on the part of defendants until the time for payment arrives." *American Lease Plan,* 508 S.W.2d at 942.

As we have discussed above, the *American Lease Plan* case is distinguishable from the case before us. Even the *American Lease Plan* court states that, "*In the absence of express provision,* [an obligation to pay rent in monthly payments as they come due] may not be extended so as to entitle the lessor to unearned and unaccrued rentals." *Id.* (emphasis added). The lease in the present case specifically provides for acceleration upon default. Jimmy Swindell's affidavit does not raise a genuine issue of material fact as to the Swindells' continuing obligation to pay rent. Point two is overruled.

The judgment is affirmed.