

# NUMBER 13-23-00513-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**AA POLLO, INC. D/B/A EL POLLO
LOCO, AND ANIL YADAV,
INDIVIDUALLY**                                                          **Appellants,**

**v.**

**BITTERS JSEL, LLC,**                                                          **Appellee.**

---

## ON APPEAL FROM THE 224TH DISTRICT COURT
## OF BEXAR COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and West
Memorandum Opinion by Justice West**

The trial court found that appellants and cross-appellees AA Pollo, Inc. D/B/A El

Pollo Loco (AA Pollo) and Anil Yadav, individually, breached a lease agreement and

awarded appellee and cross-appellant Bitters JSEL, LLC (Bitters), among other things,

$793,115.73 in damages. Appellants contest the full award on the basis that Bitters failed to adequately mitigate its damages. Additionally, appellants contest the award of unaccrued rent on the basis that the acceleration provision is void. Bitters cross-appealed, arguing that the trial court improperly reduced its unaccrued rent award to present value and failed to award prejudgment interest related to the unaccrued portion of the unpaid rent. We affirm.[1]

## I. BACKGROUND

This is a commercial-real estate-lease damages case. AA Pollo is a business that operates El Pollo Loco franchises in Texas. In 2015, AA Pollo, as the tenant, entered the underlying triple net ground lease whereby it would construct a building from which to operate a Pollo Loco franchise in San Antonio. Appellant Anil Yadav personally guaranteed AA Pollo's lease obligations. The lease commenced in March 2016 and specified a twenty-year term. In November 2016, Bitters became the successor-in-interest of the original lessor. The lease specified monthly rent installments that increased over the term of the lease: $11,666.67 per month for years one through five, $12,833.33 for years six through ten, $14,116.67 for years eleven through fifteen, and $15,528.33 for years sixteen through twenty. Monthly rent installments were due on the first day of each month. AA Pollo did not tender its March 1, 2020 rent installment. On March 5, 2020, Jason Lin, managing member of Bitters, inquired of AA Pollo by email about the status of the unpaid rent installment. The next day, Lin inquired a second time by email and

---

[1] This appeal was transferred from the Fourth Court of Appeals in San Antonio pursuant to a docket-equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 22.220(a) (delineating the jurisdiction of appellate courts), 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

eventually engaged in a phone call with Richard Pawloski. According to counsel for appellants, Pawloski is the CFO of Yadav Enterprises, the company that "oversees" AA Pollo.[2] Pawloski also served as AA Pollo's corporate representative at trial.

According to Lin, in the March 6 phone call, Pawloski stated "we don't plan to pay any more rent" and "the business over there is not doing well." Pawloski denied such and described the phone call as "uneventful" but recalled talking about "how the El Pollo Loco business was performing . . . [and] about ramp up areas." After the phone call, Lin sent a default letter to AA Pollo. Weeks later, AA Pollo sent the following letter to Bitters:

> Dear Landlord,
>
> The COVID-19 pandemic is causing unprecedented disruption in businesses across the country. Our restaurant is no exception. The shelter in place orders, mandated closures, social distancing and home isolation have resulted in a massive loss of revenue. As a result of this unforeseeable event, we are requesting 3 months rent abatement (April, May[,] and June), with our next payment coming due on July 1. We will follow up with you directly to discuss our proposal in more detail.
>
> We, like you, are in uncharted waters and anticipate that matters may get worse before they get better.
>
> We look forward to working cooperatively and constructively with you as the crisis resolves and business gets back to normal. We appreciate those of you who have already reached out to us. If we have not already talked, feel free to contact us with your thoughts on how we can best work together during this unpredictable period.

A few days later, a second default letter was sent to AA Pollo by counsel for Bitters. AA Pollo never tendered another rent payment after February 2020, and it vacated the premises. Bitters fenced the vacant property, made repairs to the building, hired a broker to manage and re-lease the property, and paid property taxes levied for January 2020

---

[2] We assume this means Yadav Enterprises serves as the parent company.

3

through February 2021. A new tenant was secured in September 2020, and the lease commenced in February 2021.

On June 9, 2020, Bitters filed its original petition alleging that appellants breached the lease agreement, and a bench trial commenced on August 29, 2023. On October 5, 2023, the trial court entered a judgment in favor of Bitters, awarding it $793,115.73 in damages, as well as prejudgment interest, attorney's fees, post-judgment interest, and court costs. On November 6, 2023, Bitters filed its motion to modify final judgment, requesting that the trial court modify the damage award to $917,139.19 "in order to be consistent with its initial August 31 merits ruling." The motion to modify was overruled by operation of law. *See* TEX. R. CIV. P. 329b(g). This appeal followed.

## II.    AA POLLO AND YADAV'S APPEAL

AA Pollo argues the trial court erred by failing to rule as a matter of law that Bitters's damages were unmitigated and the rent acceleration provision was unenforceable. We review a trial court's conclusions of law de novo. *United Healthcare of Tex., Inc. v. Low-T Physicians Serv., P.L.L.C.*, 660 S.W.3d 545, 552 (Tex. App.—Fort Worth 2023, no pet.). We will not reverse a judgment based upon an incorrect conclusion of law as long as the controlling fact-findings support the judgment on a correct legal theory. *Id*. at 553.

### A.    Mitigation

We first address appellants' argument that the trial court improperly awarded damages to Bitters because Bitters failed to mitigate its damages. *See* TEX. PROP. CODE ANN. § 91.006(a). Specifically, appellants argue that they made an offer to resume paying rent in July of 2020, and Bitters should have accepted such offer. As a result, Bitters should not have incurred any damages other than the unpaid rent installments for March,

4

April, May, and June of 2020. We disagree. The Texas Supreme Court, in its seminal case on mitigation, explained that a landlord must use "objectively reasonable efforts to fill the premises." *Austin Hill Country Realty*, *Inc. v. Palisades Plaza, Inc.*, 948 S.W.2d 293, 299 (Tex. 1997). Mitigation is "not an absolute duty." *Id*. In fact, "[t]he landlord is not required to simply fill the premises with any willing tenant; the replacement tenant must be suitable under the circumstances." *Id*. The burden was on appellants to prove Bitters's failure to mitigate. *Id*. Appellants have provided no law or explanation as to how AA Pollo—a breaching tenant that expressly refused to pay four months of rent—was a "suitable tenant under the circumstances" that Bitters was required by law to accept an offer from. We hold it was not. *See id*; *see also Mob 90 of Tex., L.P. v. Nejemie Alter, M.D., P.A.*, No. 13-08-00173-CV, 2009 WL 1026603, at *3 (Tex. App.—Corpus Christi–Edinburg Apr. 16, 2009, no pet.) (mem. op.) (rejecting a breaching tenant's claim that mitigation required lessor to entertain its offers). We overrule appellants' issue.

## B.     Void Acceleration Clause

### 1.     Mitigation Exemption

Appellants also argue that the rent acceleration provision is void because it purports to exempt Bitters from its statutory and common law duties to mitigate its damages. *See* TEX. PROP. CODE ANN. § 91.006(b) (establishing that a lease provision purporting to exempt a landlord from its duty to mitigate is void); *Palisades Plaza, Inc.*, 948 S.W.2d at 299 (establishing lessor's common law duty to mitigate). We disagree. The relevant provision provides:

> [Landlord may] recover from TENANT (a) all accrued and unpaid Rent then due and owing hereunder, plus (b) the Rent to be paid by TENANT hereunder during the remainder of the then current Lease Term, *reduced*

*by the amount to be received from the new tenant* . . . and legal fees plus (c) any other amounts reasonably necessary to compensate LANDLORD for all damages caused by TENANT'S Event of Default.

(emphasis added). The provision expressly provides a reduction based on sums received by a new tenant. By its plain language, the provision anticipates that mitigation will take place, a new tenant will be secured, and the damage will be reduced accordingly. To accept appellants' argument, we would hold that anytime a contract's damages provision fails to expressly affirm that it makes no modification to statute or common law mitigation duties, such provision is void. Appellant provides no legal authorities holding such, and we likewise have found none. Thus, we overrule appellants' issue.

## 2. Unenforceable Penalty

Appellants further argue that the acceleration provision is void because it is an unenforceable penalty. Specifically, appellants argue that the provision is an unenforceable penalty because "the provision gave Bitters the right to accelerate all rent due for the remaining term of the Lease for any breach of the Lease, no matter how trivial." However, the acceleration provision at issue is only triggered when:

TENANT defaults in the payment of any installment of Annual Rental, Additional Rent, or any other additional rent or sum payable under this Lease and fails to cure said default within ten (10) days from the receipt of written notice . . .

Thus, the acceleration provision is only triggered when the lease is breached by failure to tender sums bargained for under the lease. The facts are not the same in the cases cited by appellants where courts held acceleration provisions were penalties. *See Bethel v. Butler Drilling Co.*, 635 S.W.2d 834, 837 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.) (explaining the underlying liquidated damages provision was triggered by any

6

contract breach "irrespective of the importance or triviality of such breach," including failure to pay utilities, provide parking, or pay a $10 labor charge); *Krenek v. Wang Labs., Inc.*, 583 S.W.2d 454, 457 (Tex. App.—Waco 1979, no writ) (explaining the underlying liquidated damages provision was triggered by breach of trivial covenants including covenants to maintain leased equipment, to indemnify plaintiff from claims arising from use of the property, and not to place a label that could be construed as an ownership claim on the property). And notably, courts have consistently upheld provisions that accelerate the full amount of unaccrued payments where material covenants, such as the duty to tender, were breached. *See Crossmark, Inc. v. Hazar*, 124 S.W.3d 422, 435 (Tex. App.—Dallas 2004, pet. denied); *Synergy Ctr., Ltd. v. Lone Star Franchising, Inc.*, 63 S.W.3d 561, 567 (Tex. App.—Austin 2001, no pet.); *Swindell v. Bell Atl. Tricon Leasing Corp.*, 889 S.W.2d 5, 7 (Tex. App.—Fort Worth 1994, no writ); *Walter E. Heller & Co. v. B.Cn. & M., Inc.*, 543 S.W.2d 696, 698 (Tex. App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.); *Shasteen v. Mid-Continent Refrigerator Co.*, 517 S.W.2d 437, 440 (Tex. App.—Dallas 1974, writ ref'd n.r.e.); *see also PCS Software, Inc. v. Dispatch Servs., Inc.*, No. CV 23-108, 2025 WL 2402252, at *15 (S.D. Tex. Aug. 19, 2025); *Paramount Pictures Corp. v. Johnson Broad. Inc.*, No. CIV.A.H 04 03488, 2006 WL 367874, at *7 (S.D. Tex. Feb. 15, 2006). Accordingly, we overrule appellants' issue.

### III.   BITTERS'S CROSS-APPEAL

Bitters appeals its post-judgment motion to modify the final judgment which was denied by operation of law. *See* TEX. R. CIV. P. 329b(c). We review issues raised in a post-trial motion to modify the judgment for abuse of discretion. *Diakiw v. Stites Mgmt., L.L.C.*, 693 S.W.3d 582, 594 (Tex. App.—Houston [14th Dist.] 2023, pet. denied).

7

## A.    Present Value Discount on Unaccrued Installments

Bitters contends that the $793,115.73 award is a lump sum award made up of accrued and unaccrued rent (reduced to present value), repair and maintenance, re-leasing expense, management expenses, and property taxes. [3] In relation to this contention, Bitters argues that the trial court abused its discretion by awarding $628,504.18 related to unaccrued rent, which he states represents a present value determination of the full $752,528.89 in unaccrued rent. Thus, Bitters avers the trial court's damage award should be increased by the difference between $628,504.18 and $752,528.89.

In this case, the final judgment's award for $793,115.73 is unsegregated and the record before us contains no written or oral findings from the trial court in relation to segregation of said award. Bitters contends that the trial court discussed the award at an October 2, 2023 hearing. However, a transcript of such hearing is not included in the appellate record. As a cross-appellant, Bitters bears the burden to ensure a sufficient appellate record showing reversible error and has failed to do so. *See In re C.J.*, 689 S.W.3d 417, 421 (Tex. App.—Dallas 2024, no pet.). [4]

---

[3] Bitters concedes that if the trial court indeed modified the unaccrued rent damages as it contends, then mathematically the trial court should have rendered $793,117.25 instead of $793,115.73. Bitters asserts, "[s]omehow the court's calculation was off."

[4] Bitters appears to rely upon certain handwritten sheets filed in the clerk's record entitled "Judge's Notes" wherein the trial court listed damage amounts with no explanation of what they are for. However, because of the informal and unreliable nature of docket notes, we are only able to review them for limited purposes, such as ascertaining the date a court undertook a particular action or heard particular evidence. *In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 315 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *see Haut v. Green Cafe Mgmt., Inc.*, 376 S.W.3d 171, 179 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Fundamentally, docket notes are merely memorandum for the trial court and clerk's convenience; they cannot be used to "take the place of a written order or judgment." *Walker v. Walker*, 642 S.W.3d 196, 210 (Tex. App.—El Paso 2021, no pet.); *Praise Deliverance Church v. Jelinis, LLC*, 536 S.W.3d 849, 854 (Tex. App.—Houston [1st Dist.] 2017, pet. denied). A trial court is vested with only two modes of issuing orders: (1) entering a written order, and (2) making an oral rendition on the record. *In re Bill Heard Chevrolet, Ltd.*,

Given the foregoing, the only remedy available to Bitters, if it prevailed on its issue, is a new trial. *See Pendergraft v. Carrillo*, 273 S.W.3d 362, 368 (Tex. App.—Eastland 2008, pet. denied) (regarding unsegregated awards after a bench trial). Bitters does not seek such relief, and we refrain from granting relief not requested by a party. *See Tex. Parks & Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 392 (Tex. 2011); *Zaidi v. Shah*, 502 S.W.3d 434, 446–47 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). We overrule Bitter's issue without analyzing the merits.

## B. Prejudgment Interest

Bitters argues the trial court abused its discretion by failing to award prejudgment interest related to the sum awarded for unaccrued rent installments. According to Bitters, the trial court awarded $118,761.55 in prejudgment interest based solely on accrued unpaid rent, and Bitters argues it should be awarded $548,626.88 in prejudgment interest (based on accrued and unaccrued rent). We disagree.

Two sources of law provide authority for an award of prejudgment interest: (1) statute and (2) equity. *Fischer v. Boozer*, 665 S.W.3d 46, 58 (Tex. App.—Fort Worth 2021), *aff'd but criticized*, 674 S.W.3d 314 (Tex. 2023); *Bierscheid v. JPMorgan Chase Bank*, 606 S.W.3d 493, 543 (Tex. App.—Houston [1st Dist.] 2020, pet. denied). The purpose of prejudgment interest is to encourage prompt settlements and discourage a defendant's incentive to delay. *Bierscheid*, 606 S.W.3d at 543. When no statute controls, an award of prejudgment interest is left to the sound discretion of the trial court, which should rely upon equitable principles and public policy in making its decision. *Fischer,*

---

209 S.W.3d at 315. Thus, we cannot review docket notes (each dated before the rendering of the final judgment) to ascertain a trial court's segregation findings related to a lump sum award it would later render.

9

665 S.W.3d at 59; *Bierscheid*, 606 S.W.3d at 544; *JPMorgan Chase Bank, N.A. v. Prof'l Pharmacy II*, 508 S.W.3d 391, 431 (Tex. App.—Fort Worth 2014, no pet.).

Here, Bitters has not identified any statute that mandates prejudgment interest in this case. Thus, prejudgment interest in this case is based in equity. *See Fischer*, 665 S.W.3d at 59 (finding that in breach of contract cases, there is no statute related to prejudgment interest, and thus equity controls). The trial court enjoyed broad discretion, and Bitters has not shown how the trial court abused its discretion by violating equitable principles. *See Fischer,* 665 S.W.3d at 59; *Bierscheid*, 606 S.W.3d at 544; *Prof'l Pharmacy II*, 508 S.W.3d at 431. We decline to interfere with the discretion of the trial court and therefore overrule Bitters's second issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

JON WEST
Justice

Delivered and filed on the
13th day of November, 2025.