UNITED STATES LEASING
CORPORATION, Appellant,

v.

Patsy Pollock SMITH, Individually &
d/b/a Continental Inn, Appellee.

No. 1040.

Court of Civil Appeals of Texas,
Tyler.

Aug. 11, 1977.

Rehearing Denied Oct. 6, 1977.

William A. Petersen, Jr., Lapin, Totz & Mayer, Houston, for appellant.

Edmund F. Benchoff, Benchoff & Guidry, Nacogdoches, for appellee.

McKAY, Justice.

This case involves the question of whether certain terms in a lease of various items of office equipment, including a mailing machine, constituted liquidated damages. Appellant filed suit against appellee seeking to recover amounts allegedly due under the lease in question.

In its original petition appellant alleged that it was entitled to recover "as liquidated damages the rental due for the entire 60-month term of the lease together with the stipulated residual value of the equipment at the end of the term minus all sums previously paid under the lease and any proceeds which Plaintiff might realize from the sale of the equipment," in addition to the costs of enforcing its rights under the lease, including reasonable attorneys' fee. Appellee answered by way of general denial, affirmative defenses, including penalty, and a counterclaim for fraud, which was later abandoned. Trial was before the court who rendered judgment that appellant take nothing. The court upon request of appellant made the following Findings of Fact and Conclusions of Law:

*"Findings of Fact*

"1. The Plaintiff and Defendant, each for a good and valuable consideration, executed the instrument of two pages called Exhibit 1 and attached to the Plaintiff's Original Petition on file herein, to which reference is here made.

"2. The term of the lease commenced on January 30, 1970, when the equipment was delivered to the Defendant by Plaintiff and accepted by the Defendant.

"3. The Defendant timely paid the first twelve payments specified in the instrument.

"4. The Defendant failed to make the payment provided for January 30, 1971, and has failed and refused to pay any payment subsequent to said date.

"5. The agreement was terminated by Plaintiff on some date not disclosed by the evidence on or subsequent to January 30, 1971, and prior to August 25, 1971.

*"Conclusions of Law*

"1. The Plaintiff asserts as its sole theory of the case a right of recovery under the provisions of the instrument relating to Default, paragraph 21.

"2. The pleadings and proof entitle the Plaintiff to a recovery, if at all, only under the provisions of Paragraph 21.

"3. The provisions of the instrument relating to the recovery sought by Plaintiff are "penalty," as distinguished from "liquidated damages," and are not enforceable.

"4. There is no evidence to show the date Plaintiff terminated the agreement, or the amount of rentals, if any, due at the time it was so terminated.

"5. The Plaintiff is not entitled to recover "penalty."

"6. The evidence failed to show what damages, if any, Plaintiff sustained by loss of rentals past-due at the time of its termination of the agreement.

"7. The evidence fails to show what damages, if any, Plaintiff sustained after its termination of the agreement.

"8. Under the pleadings and the evidence, Plaintiff should take nothing of or against the Defendant."

Appellant brings eleven points of error. Points one and three complain that the trial court erred in finding that the appellant terminated the lease agreement and in con-

cluding that there was no evidence to show the date appellant terminated the agreement. Point two complains of the court's conclusion that, as a matter of law, the provisions of the lease agreement relating to recovery by appellant are a penalty as distinguished from liquidated damages and not enforceable. Points four, five and six complain of the court's conclusions that there was no evidence to show (1) the amount of rentals due at the time of termination of the lease agreement, (2) the damages appellant sustained in loss of past-due rentals at the time of termination of the agreement, and (3) what damages appellant sustained on termination of the agreement. Points seven through eleven complain of the court's conclusion that appellant take nothing from appellee, its failure to find a balance due under the lease agreement of $2,469.52, its failure to find $600.00 due as attorneys' fee, its failure to award judgment in the amount of $2,469.52 plus attorneys' fee of $600.00, and its failure to award interest on the balance due under the lease from August, 1971, until paid, plus costs.

The record reveals that on June 11, 1969, appellee, doing business as Continental Inn entered into a lease agreement with appellant concerning various pieces of office equipment, the major portion of which was for a mailing machine and an electric printer. The lease provided that appellee was to make 60 monthly payments of $58.75 beginning on January 30, 1970. Appellee made the first twelve payments on the rental contract but made no payments on January 30, 1971 and thereafter because "I never could get the equipment to work properly." In March 1971, appellee wrote appellant that she was cancelling the lease; that she had asked a representative of appellee to pick up the machine "because it has not performed as the salesman promised"; and suggested that the machinery be picked up immediately. On July 23, 1971, appellant wrote appellee acknowledging receipt of her letter, citing her to a disclaimer of warranty clause in the lease, and suggesting that she contact the supplier of the equipment concerning any repairs; however, this letter insisted "upon the contin-

ued payment of the rental as it becomes due." On August 25, 1971, appellant sent a second letter to appellee advising her that it was repossessing the equipment and that "once the equipment has been sold, and the proceeds from the sale applied to the total amount due, we will look to you for payment of any remaining balance." The record does not reveal the exact date of the threatened repossession.

The provision in the lease which appellant relies on and which the trial court found to be penalty, is Paragraph 21 which provides:

"21. DEFAULT. (a) If Lessee fails to pay when due any rent or other amount required herein to be paid by Lessee, *or if Lessee fails to perform any other provision hereof within ten (10) days after Lessor shall have demanded in writing performance thereof,* or if for any reason Lessee makes a bulk transfer of furniture, furnishings, fixtures or other equipment or inventory, or if Lessee makes an assignment for the benefit of creditors, whether voluntary or involuntary, or if a petition is filed by or against Lessee under the Bankruptcy Act, *or if Lessee has breached any other lease or agreement between Lessee and Lessor;* Lessor shall have the right to exercise any one or more of the following remedies:

"(i) Lessor may recover from Lessee all rents and other amounts then due and as they shall thereafter become due hereunder.

"(ii) Lessor may take possession of any or all items of Equipment, wherever same may be located, without demand or notice, without any court order or other process of law and without liability to Lessee for any damages occasioned by such taking of possession. *Any such taking of possession shall not constitute a termination of this lease.*

"(iii) Lessor may recover from Lessee, with respect to any and all items of Equipment, and with or without repossessing Equipment, the sum of (1) all rent and other amounts due and to become due, less a prepayment credit for rent not yet due at the time of payment or judg-

ment, whichever is earlier, equal to the product of the number of months remaining in the current term of the lease at said time, multiplied by the total rent not yet due at said time, multiplied by two tenths of one per cent (.2%); and (2) the reversionary value of Equipment at the end of the current term which for purposes of this paragraph shall be ten per cent (10%) of the total rent as set forth in paragraph 9 above; provided, however, that upon repossession or surrender of Equipment, Lessor may sell or otherwise dispose of Equipment with or without notice and on public or private bid, and apply the net proceeds thereof (after deducting all expenses, including attorneys' fees, incurred in connection therewith), to the sum of (1) and (2) above. In the event Lessor is unable to sell or otherwise dispose of Equipment within a reasonable time, Lessor may recover from Lessee an amount not less than the sum of the rent and other amounts as set forth in (1) above and all expenses, including attorneys' fees, incurred in taking possession of Equipment.

"(iv) As to any item or items of Equipment with respect to which this lease is terminated by Lessor, Lessor may recover from Lessee as to each said item the worth at the time of such termination of the excess, if any, of the amount of rent reserved herein for said item for the balance of the term hereof over the then reasonable rental value of said item for the same period of time.

"(v) Lessor may pursue any other remedy at law or in equity.

"(b) A termination hereunder shall occur only upon written notice by Lessor to Lessee and only with respect to such item or items of Equipment as Lessor specifically elects to terminate in such notice. Except as to such item or items with respect to which there is a termination, this lease shall continue in full force and effect and Lessee shall be obligated to perform all acts and to pay all rent and other amounts required under this lease.

"(c) No right or remedy herein conferred upon or reserved to Lessor is exclusive of any right or remedy herein or by law or equity provided or permitted; but each shall be cumulative of every other right or remedy given hereunder or now or hereafter existing at law or in equity or by statute or otherwise, and may be enforced concurrently therewith or from time to time." [Emphasis added.]

The lease also contained in addition to the promise to pay rent various minor covenants dealing with insurance repairs, liens, taxes, etc.[1]

---

1. "11. LOCATION; LESSOR'S INSPECTION; LABELS. Equipment shall be . . . kept at the location specified above . . . and shall not be removed therefrom . . . . If Lessor supplies Lessee with labels stating that Equipment is owned by Lessor, Lessee shall affix and keep same in a prominent place on each item of Equipment.

"12. REPAIRS; USE; ALTERATIONS. Lessee, at its expense shall keep Equipment in good working condition and repair and furnish all labor, part, mechanisms and devices required therefor. Lessee shall use Equipment in a careful and lawful manner. Lessee shall not make any alterations, additions or improvements to Equipment . . . .

"13. SURRENDER. . . . Lessee at its expense shall return Equipment in good working condition and repair, by delivering it packed and ready for shipment, to such place or on board such carrier as Lessor may specify.

"15. INSURANCE. Lessee shall provide, maintain and pay all premiums for (a) insurance against loss, theft, destruction or damage of Equipment . . ., with loss payable to Lessor, and (b) public liability insurance in an amount satisfactory to Lessor, in the joint names of Lessor and Lessee . . . .

"16. LIENS; TAXES. Lessee shall keep Equipment free and clear of all levies, liens and encumbrances. Lessee shall, in the manner directed by Lessor, (a) make and file all declarations and returns in connection with all charges and taxes (local, state and federal) which may now or hereafter be imposed upon or measured by the ownership, leasing, rental, sale, purchase, possession or use of Equipment . . . and (b) pay all such charges and taxes.

"18. INDEMNITY. Lessee shall indemnify Lessor against, and hold Lessor harmless from, any and all claims, actions, proceedings, expenses, damages and liabilities, including attor-

Appellant contends in point two that the trial court erred in holding as a matter of law that the provisions of Paragraph 21 amounted to a penalty and not liquidated damages. The leading case in Texas on the question of liquidated damages versus penalty is that of *Stewart v. Basey*, 150 Tex. 666, 245 S.W.2d 484, 486–487 (1952). In that case, as in the present one, the court was concerned with the provisions of a lease which the lessor could invoke upon a breach of the lease by the lessee. The lease provided in *Stewart v. Basey* that on the lessee's breach of *any* obligation of the contract, including the covenant to pay rent, the lessee would be rendered liable to the lessors, as "liquidated damages" the sum of $150.00 for each and every month of the unexpired term of the lease to become payable upon the exercise of the lessor's option to terminate the lease. The court adopted the rule of the Restatement of Contracts, Sec. 339. See discussion at 245 S.W.2d 486–487 and also see the decision by this court in *Loggins Construction Co. v. Stephen F. Austin State University Board of Regents*, 543 S.W.2d 682, 684–686 (1976, writ ref'd n. r. e.), and the cases cited therein. Noting that the provision could be invoked for *any* breach of the contract, and that the lease included several covenants less important than the one to pay rent, the court held that "since the contract provided the same reparation for the breach of each and every covenant and since it would be unreasonable and a violation of the principle of just compensation to enforce it as to some of them, the provision for stipulated damages should be treated as a penalty." The logic of the *Stewart* case has been followed in two other cases involving leases with provisions very similar to the present one. *American Lease Plan v. Ben-Kro Corporation*, 508 S.W.2d 937, 943 (Tex.Civ.App.— Houston [1st Dist.] 1974, writ ref'd n. r. e); *Walter E. Heller & Co. v. Allen*, 412 S.W.2d 712, 719 (Tex.Civ.App.-Corpus Christi 1967, writ ref'd n. r. e.).

Appellant relies on the cases of *Walter E. Heller & Co. v. B.C.&M., Inc.*, 543 S.W.2d 696, 698 (Tex.Civ.App.-Houston [1st Dist.] 1976, writ ref'd n. r. e.); *Blakeway v. National Credit Corporation*, 439 S.W.2d 155, 157–158 (Tex.Civ.App.-Austin 1969, writ ref'd n. r. e.); *Blakeway v. General Electric Credit Corporation*, 429 S.W.2d 925, 929 (Tex.Civ.App.-Austin 1968, writ ref'd n. r. e.); and *Liberty Sign Company v. Newsom*, 426 S.W.2d 210 (Tex.1968). The former two cases involved lease provisions similar to the present ones and the courts ruled these "liquidated damages" provisions enforceable; however, in both cases the provisions could be invoked *only on the failure to pay rentals* and not upon any other defaults. In the latter two the question of "penalty" was not passed on. We believe these cases are distinguishable from the present one.

Paragraph 21 on default provides what may be done by lessor if lessee "fails to pay when due any rent or other amount required herein to be paid by Lessee, or if Lessee fails to perform any other provision hereof within ten (10) days after Lessor shall have demanded in writing performance thereof. . . ." We do not believe that the breach of paragraph 11 that the equipment be kept at the location specified, or that labels must be affixed to the equipment, or the breach of paragraph 12 that lessee keep the equipment in good repair, or the act of lessee in permitting the equipment to be used by anyone other than lessee or lessee's employees as provided in paragraph 19 should cause a default under paragraph 21 by which lessor could cause all of the remaining rent on the equipment to become due and payable. Such a result would not be just compensation nor reasonable. The breach of one of the minor provisions above as related to the assessed damages is not reasonable, and, in our opinion, a penalty.

neys' fees arising in connection with Equipment, including, without limitation, its selection, purchase, manufacture, delivery, possession, use, operation or return, and the recovery of claims under insurance policies on Equipment.

"19. ASSIGNMENT; OFFSET. . . . Lessee shall not . . . lend Equipment or permit it to be used by anyone other than Lessee or Lessee's employees . . . .."

As stated in *Stewart v. Basey*, supra, quoting Williston on Contracts, Revised Edition, Sec. 779, p. 2192:

" 'But as has been seen, the chief, almost the only, means of determining whether the parties in good faith endeavored to assess the damages is afforded by the amount of damages stipulated for, and the nature of the breach upon which the stipulation was agreed to become operative. This is but saying in other words that the reasonableness or unreasonableness of the stipulation is decisive.' "

We believe the present case falls under the logic of *Stewart v. Basey*. The lease in question involved several minor covenants in addition to the covenant to pay rent. Upon the default of *any* obligation under these covenants, the lessee could be held liable for all of the unpaid rentals, both the past due and future, plus a "reversionary value" of 10% of the total rents, due under the lease less a "prepayment credit" which was not shown to be significant. For the breach of a minor covenant the lessee could be charged with the total rent under the lease while deprived of possession under the lease. Although provision was made for the lessor to sell the equipment and credit the proceeds to the lessee's account, it was under no obligation to do so. We are of the opinion that the contract in all its provisions is not designed to allow recovery of damages for any breach as just compensation for any loss or damage sustained but, in fact, requires a penalty. Under the present contract the parties have not estimated in advance the amount of damages that follow the principle of just compensation. The same damages may be claimed by appellant for the breach of a trivial or unimportant provision as for the breach of the most important one; in such a case it is obvious that the parties have not adhered to the rule of just compensation. We believe appellant was required to plead and prove its actual damages which it did not do. We hold that the provisions of paragraph 21 of the lease in question are unreasonable and a violation of the principle of just compensation and that the trial court was correct in ruling as a matter of law that such constituted a penalty. *Stewart v. Basey*, supra. Point two is overruled.

Appellant plead that it had terminated the lease, but attempted in the trial court to contend otherwise. We believe appellant is bound by its pleading. The record also reveals that appellee could not use the equipment because it would not operate, and that appellee notified appellant in March, 1971, to pick it up; but appellant did not do so until August, 1971. Appellee's testimony indicates she never had use of the equipment while in her possession because it would not operate.

Appellant brought suit below alleging, and has argued in this court, that it is entitled to recovery under the terms of paragraph 21(a)(iii). It did not plead below nor has it argued in this court that it was entitled in the alternative to damages for anticipatory breach or only to collection of past due rentals. Its whole theory of recovery was on the above mentioned provision which we hold to be invalid as a penalty. All other points of error are contingent upon a favorable ruling upon point two which we have found to be without merit. Accordingly, all other points are overruled.

The judgment of the trial court is affirmed.