UNITED LEASING & FINANCIAL SERVICES, INC., a Wisconsin corporation, Plaintiff-Respondent,

v.

R. F. OPTICAL, INC., a Wisconsin corporation, and Harold W. Rosenthal, and Herbert Friedlen, individually and Harold W. Rosenthal, and Herbert Friedlen, d/b/a Vision Centers of Wisconsin, Defendants-Appellants.

Court of Appeals

*No. 80–1559. Submitted on briefs May 13, 1981.—
Decided June 23, 1981.*
(Also reported in 309 N.W.2d 23.)

For the defendants-appellants the cause was submitted on the briefs of *Dennis L. Fisher* and *Thomas J. Nichols* of *Hoyt, Greene & Meissner, S.C.,* of Milwaukee.

For the plaintiff-respondent the cause was submitted on the brief of *William A. Wentzel* and *John R. Nelson* of *Philipp & Sletteland, S.C.,* of Milwaukee.

Before Decker, C. J., Moser, P.J., and Cannon, J.

CANNON, J.   This is an action to recover damages for breach of two business equipment leases . Defendants challenge the enforceability of and calculation of damages under the default clause of the leases.   The trial court enforced the agreements and awarded the plaintiff accrued and future rents due to the end of the lease term, less the sales price of the equipment and rents paid by the purchaser, together with interest and attorney fees. We affirm the trial court's decision to enforce the agree-

ment, however, we conclude that the accelerated rents must be discounted to present value.

The default clause provides in part:

(b) If Lessee should fail to pay Lessor any rent, additional rent, or any other sums due Lessor as herein provided when the same is due and payable, Lessee shall pay interest thereon from such date at the rate of 18% if a corporation or, if not, 12% per annum. If such default continues for more than ten (10) days, or if Lessee should fail to observe, keep or perform any other provision of this Lease or any other lease, loan or credit agreement between the parties, or if default is declared under subparagraph (a), or if a petition or proceeding under any chapter of the Bankruptcy Act, as amended, or for the appointment of a receiver of any part of the property of Lessee or any other proceedings for the relief of debtors, be filed by or against Lessee or its property, or if Lessee should make a general assignment for the benefit of creditors, suspend business, become insolvent or commence any act amounting to a business failure, or if an attachment or execution be levied or tax or other lien be filed against any of Lessee's property or against Equipment, or the condition of Lessee's affairs shall so change as to, in the Lessor's opinion, materially increase the business risk involved, then Lessor, at its option and in addition to and without prejudice to any other remedies, shall have the right to exercise any one or more of the following remedies:

(i) declare the entire amount of rent hereunder immediately due and payable as to any or all items of Equipment without notice or demand to Lessee, (ii) sue for and recover all rents, and other payments, then accured [*sic*] or thereafter accruing, with respect to any or all items of Equipment, and/or proceed to enforce performance by Lessee of its covenants hereunder, (iii) enter upon the premises where Equipment is located and without court order or other process of law, repossess and remove Equipment either with or without notice to Lessee (damages occasioned by such taking are hereby expressly waived by Lessee), and thereupon Lessee's right to possession and use of Equipment shall terminate, but such repossession shall not constitute termination of this

Lease unless Lessor expressly so notifies Lessee in writing, (iv) sell or lease any or all items of Equipment at public or private sale or lease for cash or credit, to such persons and upon such terms as Lessor shall elect, free and clear of any rights of Lessee and recover from Lessee all costs of taking possession, storing, repairing and selling or leasing Equipment, including reasonable attorneys' fees, and the unpaid balance of the total rent for the initial or renewal rental term of this Lease attributable to the terms of Equipment sold or leased less the net proceeds of such sale, if sold, or if leased, the rent under such lease attributable to the period remaining under the Lease; (v) terminate this Lease as to any and all items of Equipment and/or cause Lessee, at its expense, to promptly return the Equipment to Lessor as Lessor may direct or (vi) pursue any other remedy at law or in equity.

(c) No right or remedy conferred upon or reserved to Lessor by this Lease shall be exclusive of any other right or remedy herein or by law provided; all rights and remedies conferred upon Lessor by this Lease or by law shall be cumulative and in addition to every other right and remedy available to Lessor and may be exercised simultaneously.

Defendants raise the following issues on appeal:

1. Is a stipulated damages provision in a lease of personal property which provides that in the event of a default or a change in lessee's affairs which materially increases the business risk, the lessor may exercise cumulative remedies, including repossession and sale of the leased property, acceleration of all future rents, and a judgment for the deficiency between the sales price obtained for the repossessed property and the sum of the total rents unenforceable as a penalty clause;

2. May a lessor of personal property, in the event of a default, repossess and sell the leased property without effecting a termination of the lease, and thereupon accelerate all future rents due under the lease and obtain a judgment not only for rents accrued prior to the repossession but also for the deficiency between the total accelerated future rents and the price obtained upon sale of the repossessed property; and

3. If a stipulated damages provision in a lease of personal property which provides for cumulative remedies including acceleration of future rents is generally enforceable, is it a fair and proper measure of damages for the lessor to recover the entire balance of accelerated future rent payments without discounting those payments to present value?

In assessing a stipulated damage provision in a contract, the critical inquiry is whether the provision constitutes a penalty. *Sun Printing & Publishing Association v. Moore*, 183 U.S. 642, 661–74 (1902); *McConnell v. L. C. L. Transit Co.*, 42 Wis.2d 429, 438, 167 N.W.2d 226, 230 (1969). This presents a question of law for the court, *McConnell, supra*, which we determine independently on appeal. *Pleasure Time, Inc. v. Kuss*, 78 Wis.2d 373, 379, 254 N.W.2d 463, 467 (1977).

The elementary rule of contract damages is that a party is entitled to be placed in the same position as if the breach had not occurred. *Bridgkort Racquet Club, Inc. v. University Bank*, 85 Wis.2d 706, 714, 271 N.W.2d 165, 170 (Ct. App. 1978).

Where parties to a contract choose to fix the damages recoverable on breach through a liquidated damages clause such clause will not be enforceable unless:

(1) the amount reasonably forecasts the amount of just compensation for the breach; and
(2) the harm is incapable or very difficult to accurately estimate. Restatement (Second) of Contracts §339 (1973).

The issues raised in this case with respect to true equipment leases[1] have not been previously addressed by

---

[1] We have here true equipment leases. These are to be distinguished from a secured transaction which would be controlled by ch. 409, Stats.

the Wisconsin courts. Although similar issues have been addressed respecting leases of real property, we concur in the trial court's conclusion that the depreciable nature of equipment renders the authority governing real property inapplicable. We instead turn to the consideration of equipment leases in other jurisdictions.

Default clauses have been held unenforceable where any minor default may trigger their operation. *Mayfield v. Hicks,* 575 S.W.2d 571, 575 (Tex. Ct. App. 1978); *United States Leasing Corp. v. Smith,* 555 S.W.2d 766, 770–71 (Tex. Ct. App. 1977). Although the default provision here could operate on breach of any condition, the contract provides that the default must materially increase the business risk to lessor. This provides sufficient protection against the lessor's invocation of the serious consequences of the default clause on breach of minor conditions; causing no appreciable loss to the lessor.

Default clauses which permit the lessor to recover future rents and arrearages have been upheld where the lessor is required to credit the lessee with the re-rental value, fair market value on sale, or depreciated value of the equipment at the time of default. *Siletz Trucking Co. v. Alaska International Trading Co.,* 467 F.2d 961, 963 (9th Cir. 1972); *Northwest Acceptance Corp. v. Hesco Construction, Inc.,* 26 Wash. App. 823, 614 P.2d 1302, 1306–07 (1980); *Equipment Leasing-Leveraged Leasing* 68 (B. Fritch & A. Reisman ed. 1977). The damages awarded pursuant to the clause were determined to favorably compare with what the lessor would have received had the contract been fully performed. *Siletz, supra; Northwest Acceptance Corp., supra,* at 1307.

Where, however, the liquidated damages clause requires no mitigation in the form of resale or release of the property, provisions for acceleration of rents and repossession of the property have not been enforced.

*Frank Nero Auto Lease, Inc. v. Townsend,* 64 Ohio App. 2d 65, 411 N.E.2d 507, 511 (1979).

The liquidated damage clause, *as enforced,*[2] does not operate as a penalty. Although it permits plaintiff to recover accelerated rents and to repossess the equipment, on resale or reletting of the property, plaintiff is required to credit the lessee with the amounts received. Plaintiff fully complied with these terms. This recovery is not an arbitrary or capricious execution of sanctions for breaching the contract, but constitutes a reasonable attempt at fairly approximating what the lessor would have received had the contract been performed.

Construing the contract from the standpoint of its enforcement gives effect to the intent of the parties at the time the agreement was entered into as well as the intent as expressed by the choice of methods utilized to enforce that agreement. It further accords with the realities of modern business as recognized in *Sheffield-King Milling Co. v. Jacobs,* 170 Wis. 389, 403, 175 N.W. 796, 802 (1920) :

Modern business is so managed as to avoid litigation; the tendency is away from litigation—a tendency which should be encouraged in all fair and legitimate ways because it is conducive to the general welfare. Time and effort consumed in litigating questions of damages generally result in substantial financial loss to both sides. Stipulations of parties, therefore, which establish a plain, simple rule of damages, having a just and fair relation to the subject matter of the contract, in cases where the

---

[2] Were the lessor to exercise the repossession provision without crediting the user with the value of the equipment we might be required to hold the clause unenforceable for permitting double recovery. *See Southwest Park Outpatient Surgery, Ltd. v. Chandler Leasing Division,* 572 S.W.2d 53, 56–57 (Tex. Ct. App 1978); *Bidwell v. Carstens,* 316 So.2d 264, 266–67 (Fla. 1975). As this option was in fact not exercised alone, we will not invalidate the entire default clause here.

ascertainment of actual damages is difficult, ought, in the public interest, to be given legal effect. *U. S. v. Bethlehem S. Co.,* 205 U.S. 105, 27 Sup. Ct. 450.

Where such contracts are entered into, which are fairly within established legal principles, it is not the business of the courts to interfere and attempt to set aside such stipulations, as has often been done with the result that while theoretical legal justice may be attained, as a practical matter justice is denied. There is no reason why courts should regard with paternalistic solicitude the situation of a party who has deliberately broken his contract. Contracts are not made to be broken but to be lived up to, and the loss, if any, in the event of breach, ought to fall on the wrongdoer rather than upon the innocent party. A litigant who is compelled to expend two hundred dollars to recover one hundred dollars damage, no question of fundamental principles being involved, does not feel that he has received justice, but rather that an injustice has been done him.

Defendants have argued that even if we enforce the accelerated rents and repossession provisions of the default clauses, the accelerated rents must be discounted to present value. We agree. Discounting has been recognized as the second operative element of a fair liquidated damages clause. *Siletz, supra; Northwest Acceptance, supra; Equipment Leasing-Leveraged Leasing, supra.* This accords with our adoption of the present value concept in loan contract cases in *Bridgkort, supra,* at 714, 271 N.W.2d at 169. Although the omission of this requirement from the default clause does not render it unenforceable, we determine that the action must be remanded for computation of the appropriate discount figure and adjustment of the accelerated rents and interest due under the contract to assure that the lessor is not unjustly enriched.

*By the Court.*—Judgment affirmed in part and cause remanded in part with directions.