**In re UNITED AMERICAN FINANCIAL CORPORATION, Debtor.**

**UNITED AMERICAN FINANCIAL CORPORATION, Plaintiff,**

**v.**

**KNOXVILLE PROPERTIES, INC., Defendant.**

**Bankruptcy No. 3–83–00744. Adv. No. 3–84–0331.**

United States Bankruptcy Court, E.D. Tennessee.

Oct. 23, 1985.

Doris C. Allen, Bernstein, Susano, Stair & Cohen, Knoxville, Tenn., for plaintiff.

G. Wendell Thomas, Jr., Kennerly, Montgomery and Finley, Knoxville, Tenn., for defendant.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

### I

Plaintiff United American Financial Corporation seeks judgment against the defendant Knoxville Properties, Inc. for damages resulting from the breach of a lease of an aircraft. At issue is whether the court will permit an accelerated recovery in full of all rental payments under the lease less the proceeds of the sale of the aircraft or whether the court will reduce the deficiency to a sum equivalent to the present cash value of the accelerated rental payments less the proceeds of sale.

On February 1, 1981, the plaintiff and the defendant entered into a certain aircraft lease agreement for a term of 144 months. The lease provides for 144 monthly installments of rental of $12,134.59 each plus 144 monthly installments of sales tax of $553.56 each. A default occurred in the lease, and pursuant to negotiations of the parties, defendants turned the aircraft over to the plaintiff in October 1984. The plaintiff subsequently sold the aircraft in February 1985 for the gross sum of $275,000. The parties have agreed that the $10,000 in costs and expenses of sale should be deducted from the sales price of the aircraft before applying the sales price in mitigation of plaintiff's damages. Plaintiff has sued to recover the deficiency owed by the defendant. Plaintiff maintains that the deficiency should be the difference between the total of the unpaid balance of payments due under the lease and the net proceeds of sale. Defendant maintains that the deficiency should be determined by reducing any accelerated future rental payments to their present value.

The relevant lease provision is as follows:

In the event Lessee should fail to observe the terms, conditions and cove-

nants herein set forth, Lessor may take immediate possession of the aircraft without the necessity of legal action to recover possession of the same, and Lessor is hereby authorized to enter upon the premises where said aircraft may be found without liability for trespass. Lessee's obligations hereunder shall be mitigated by Lessor through the re-leasing of the aircraft to another lessee or through the application of the net sales proceeds to the unpaid combined aggregate balance owing by Lessee and other sums due hereunder.

## II

■ To the extent that the plaintiff's recovery will encompass damages reflecting future rental payments which would not yet have come due under the lease, that recovery must be discounted to present value.

■ The parties have not cited, and the court is not aware of, any Tennessee authority specifically addressing this question. However, under the most basic principle of contract damages the injured party is entitled only to be placed, as nearly as possible, in the same position as he would have been had the contract been performed. He is not entitled to be placed in a better position by the recovery of damages than he would have been had the contract been fully performed. *Action Ads, Inc. v. William B. Tanner Co.*, 592 S.W.2d 572, 575 (Tenn.App.1979); *Great American Music Machine, Inc. v. Mid-South Record Pressing Co.*, 393 F.Supp. 877 (M.D.Tenn. 1975); *Clark v. Ferro Corporation*, 237 F.Supp. 230 (E.D.Tenn.1964). *See also* Restatement (Second) of Contracts § 344 (1981).

Therefore, as the Restatement (Second) of Contracts provides:

Damages for breach by either party may be liquidated in the agreement but only at an amount that is reasonable in the light of the anticipated or actual loss caused by the breach and the difficulties of proof of loss. A term fixing unreasonably large liquidated damages is un-

enforceable on grounds of public policy as a penalty.

Restatement (Second) of Contracts § 356(1) (1981).

Thus, other courts in similar contexts have concluded that the discounting to present value of future rental payments rendered due under an equipment lease acceleration clause clearly comports with the fundamental principle of compensation underlying the award of contract damages. For example, in *W.L. Scott, Inc. v. Madras Aerotech, Inc.*, 103 Idaho 736, 653 P.2d 791 (1982) the court observed:

We next consider the appellants' contention that the trial court erred by not discounting the total rents in computing the damage award. We agree. ... [W]hen a lessor's damages are computed ... future rents are to be discounted to present value. [citations omitted]. This rule of law was formulated to preclude the overcompensation or unjust enrichment of the lessor. This statement is consistent with our previously expressed purpose or objective which is to place the injured party in a position no better and no worse than if the contract had been performed.

653 P.2d at 797.

Similarly, in *United Leasing & Financial Services, Inc. v. R.F. Optical, Inc.*, 103 Wis.2d 488, 309 N.W.2d 23 (Wis.Ct.App. 1981) the court stated:

Defendants have argued that even if we enforce the accelerated rents and repossession provisions of the default clauses, the accelerated rents must be discounted to present value. We agree. Discounting has been recognized as the second operative element of a fair liquidated damages clause. [citations omitted].

309 N.W.2d at 27.

And in *In re Winston Mills, Inc.*, 6 B.R. 587 (Bankr.S.D.N.Y.1980) the bankruptcy court held:

A reduction of an award to present value is necessitated by the fact that money presently in hand is always more

useful than staggered payments in the future. To allow a full recovery would, in effect, overcompensate the claimants by the interest earning power of the money in their hands now. [citation omitted].

Such a reduction has been accepted without question and is axiomatic in the determination of future payments of rent reserved in a lease. [citations omitted]. 6 B.R. at 599–600.

*See also W. W. Leasing Unlimited v. Torok Exploration, Mining and Construction Co., Inc.*, 575 F.2d 1259 (9th Cir.1978) (in computing damages under equipment lease acceleration clause, held proper to discount balance payable to present value). *And see Hippodrome Bldg. Co. v. Irving Trust Co.*, 91 F.2d 753, 756 (2d Cir.1937) (damages under commercial real estate lease liquidated by "subtracting from the present discounted rents to the end of the term, the present discounted value of the term") (L. Hand, C.J.), *cert. denied*, 302 U.S. 748, 58 S.Ct. 265, 82 L.Ed. 578 (1937); *Look v. Werlin*, 590 S.W.2d 526 (Tex.Civ. App.1979) (in suit for anticipatory breach of commercial real estate lease recovery limited to the present value of future rental payments discounted to the time of trial).

Accordingly, plaintiff's recovery here of the accelerated balance of future rental payments will be appropriately discounted to reflect the present value of those payments. Plaintiff will be awarded judgment as follows:

(1) the sum consisting of all those rental payments which would have come due under the lease as of the date of entry of judgment herein; plus

(2) prejudgment interest thereon, (at the rate hereafter specified) to be computed on each such payment from the date each such payment would have come due under the lease; plus

(3) the sum consisting of all those rental payments which would have come due under the lease after the date of the entry of judgment herein, this sum to be discounted (at the rate hereafter specified) to its present value as of the date of entry of judgment; minus

(4) the net amount of the proceeds derived from the sale of the airplane, after deducting the costs and expenses of the sale.

■ With respect to the rate of interest to be applied both in computing prejudgment interest and in discounting the future rental payments to present value, the court will utilize the rate of interest statutorily mandated for the calculation of postjudgment interest. *See E.E.O.C. v. Wooster Brush Co. Employees Relief Association*, 727 F.2d 566, 579 (6th Cir.1984) (though courts not invariably compelled to adopt statutory postjudgment rate in determining prejudgment interest, "[u]ndoubtedly in the future, district courts may be influenced by the congressional wisdom expressed in the amendment of 28 U.S.C. § 1961(a)"). That rate is the "rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of judgment." 28 U.S. C.A. § 1961(a) (West Supp.1985).

Submit judgment within ten (10) days.