**BLUE PACIFIC MANAGEMENT CORP., agent for PAGO PLAZA, Plaintiff**

**v.**

**DAVE PRESCOTT dba MAILBOX EXPRESS, Defendant**

High Court of American Samoa
Trial Division

CA No. 110-95

August 20, 1996

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, and AFUOLA Associate Judge.

Counsel:     For Plaintiff, William H. Reardon
            For Defendant, pro se

Opinion and Order:

## FACTS

Plaintiff and defendant entered into a written lease for Suite #202 at Pago Plaza for a term of one year beginning on March 24, 1995. On June 3, 1995, defendant vacated the premises having paid no rent or common charges, as reserved under the lease agreement. After defendant left the premises, plaintiff attempted to relet the premises by placing advertisements in the local paper. No new tenant was found until August 1, 1996.

Plaintiff brings this suit for damages for breach of the lease agreement in the amount of $9413.87. Defendant has admitted entering into the lease, but claims that plaintiff had unclean hands in the negotiation process. Defendant further asserts the equitable defense of duress; he claims that he was initially promised ground floor area but when this did not eventuate he was forced to sign the lease, for less desirable first floor area, because the opening date of his business was upon him at the time.

## DISCUSSION

■ Defendant breached the lease agreement by failing to pay rent on the premises. Plaintiff, upon learning of the breach, had an affirmative duty to mitigate his damages. *See W.W. Leasing Unlimited v. Torak Exploration, Min. & Const. Co., Inc.*, 575 F.2d 1259, 1261 (9th Cir. 1978). Although a replacement tenant was never found, plaintiff's attempts to re-lease the premises were reasonable, thus satisfying his duty to mitigate.

■ Defendant's assertion of unclean hands is based upon purported representations by plaintiff that defendant would, as soon as practicable, be leased a different, ground floor, suite. The lease agreement, however, explicitly states which suite was leased. Extrinsic evidence on this issue is therefore prohibited as directly contradicting the terms of the written agreement. *See Telco Leasing, Inc. v. Transwestern Title Co.*, 630 F.2d 691, 692-93 (9th Cir. 1980).

■ The defendant's assertion of duress is equally unavailing. Three elements must be found to establish a showing of duress: one side involuntarily accepted terms of another; circumstances permitted no other alternative; and such circumstances were the result of coercive acts of the opposite party. *Employers Ins. of Wasau v. United States*, 764 F.2d 1572, 1576 (Fed. Cir. 1985). Defendant made no such showing. Defendant offered no evidence on the issue of damages.

## CONCLUSION & ORDER

Plaintiff shall have judgment against the defendant for $9413.43.

It is so ordered.